IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **FLINZ HOLDINGS, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | **CIVIL ACTION NO. 6:26-cv-00034** |
| **PACIFIC EMPLOYERS INSURANCE COMPANY,** | § § § § | |
| Defendant. | § § | |

### DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Pacific Employers Insurance Company, ("Defendant" or "Pacific") hereby removes the action styled and numbered *Flinz Holdings, LLC v. Pacific Employers Insurance Company,* Cause No. 2025-2073-B, pending in the 124th Judicial District Court of Gregg County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I. INTRODUCTION

1. On December 16, 2025, Plaintiff Flinz Holdings, LLC ("Plaintiff") commenced this lawsuit by filing its Original Petition in the 124th Judicial District Court of Gregg County, Texas Cause No. 2025-2073-B.[1] The 124th Judicial District Court of Gregg County, Texas is located at the Gregg County Courthouse, 101 E. Methvin, Suite 447, Longview, Texas 75601.

2. This lawsuit arises out of Plaintiff's claim for coverage under a property insurance policy issued by Pacific to Plaintiff for physical damage allegedly sustained to Plaintiff's property

---

[1] *See* Plaintiff's Original Petition, attached hereto as **Exhibit B-2.**

**DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S NOTICE OF REMOVAL**  Page 1

located at 2900 Gilmer Drive, Longview Texas 75604 following an alleged hail and/or windstorm event on or about January 30, 2023.

3. Plaintiff's Original Petition names Pacific as the sole Defendant in this suit.

4. Pacific was served with Plaintiff's Original Petition on December 22, 2025. Pacific therefore files this Notice of Removal within the 30-day time period provided by 28 U.S.C. § 1446(b)(1).

## II. BASIS FOR REMOVAL

5. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district. *See* 28 U.S.C. § 124(c)(1).

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

7. Plaintiff was at the time this lawsuit was filed, and on the date this Notice of Removal was filed remains, a limited liability company organized under the laws of the State of Texas.[2] The citizenship of a limited liability company is determined by the citizenship of "every member."[3] According to the Certificate of Formation Limited Liability Company filed with the Texas Secretary of State, Samson Oriola Olumide ("Olumide") is the only member of Plaintiff.[4]

---

[2] *See* Plaintiff Flinz Holdings, LLC's Texas Franchise Tax Public Information Report, attached hereto as **Exhibit F**.

[3] *See SXSW, LLC v. Federal Ins. Co.*, 83 F.4th 405, 407–08 (5th Cir. 2023) citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

[4] *See* Plaintiff Flinz Holdings, LLC's Certificate of Formation Limited Liability Company, attached hereto as **Exhibit G**.

8. A natural person is considered a citizen of the state where he or she is domiciled, or where the person has a fixed residence with the intent to remain there indefinitely.[5] Olumide owns property located at 3750 E. Palm Valley Blvd. #4, Round Rock, Texas 78665.[6] Upon information and belief, based on an extensive review of real property records and other publicly available information, as well as documents regarding the insurance policy at issue, Defendant believes Olumide resides at that property with intent to remain there indefinitely.[7] Olumide is therefore domiciled in Texas and, with regard to diversity jurisdiction, a citizen of Texas. Accordingly, Plaintiff is a citizen of Texas.

9. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.[8] Defendant Pacific Employers Insurance Company is an insurance company organized under the laws of Pennsylvania and maintains its principal place of business in Philadelphia, Pennsylvania.[9] Pacific is therefore a citizen of Pennsylvania for purposes of diversity of citizenship.

10. Because Plaintiff and Pacific are citizens of different states, complete diversity of citizenship exists between Plaintiff and Pacific (now and on the date Plaintiff filed this lawsuit).

---

[5] *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985).

[6] *See* Plaintiff Flinz Holdings, LLC's Certificate of Formation Limited Liability Company, attached hereto as **Exhibit G**.

[7] *Hise Real Estate Investments, LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *3 (E.D. Tex. Jan. 21, 2021) ("[W]hen a defendant has diligently investigated publicly available sources and determined that no partner of a plaintiff partnership is likely a citizen of the same state as the defendant, the defendant may affirmatively state the citizenship of a partnership upon 'information and belief.'"); *see also Henderson Apartments Tenant, LP v. Travelers Excess & Surplus Lines Co.*, No. 1:23-CV-00195-JRN, 2023 WL 5983889, at *3 (W.D. Tex. Sept. 14, 2023), *report and recommendation adopted*, A-23-CV-00195-JRN, 2024 WL 150769 (W.D. Tex. Jan. 12, 2024). To the extent this is insufficient, Defendant respectfully requests that this Court permit jurisdictional discovery to identify the domicile of the member of Plaintiff, which is appropriate when a removing defendant lacks necessary jurisdictional facts.

[8] 28 U.S.C. § 1332(c); *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

[9] *See* Defendant Pacific Employers Insurance Company's NAIC Company Overview, attached hereto as **Exhibit H**.

### B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.

11. In order for district courts to have original jurisdiction, the matter in controversy must exceed the sum of $75,000, exclusive of interests and costs.[10]

12. When a sufficient amount in controversy is not apparent from the pleadings, the removing party must establish by a preponderance of the evidence that the jurisdictional amount is met.[11] A party can prove up the amount by setting forth summary-judgment-type evidence of facts in controversy that support a finding of the requisite amount.[12] Demand letters and estimates of damages from the claimant are sufficient to establish the amount in controversy according to this standard.[13]

13. Here, the amount in controversy is not apparent from the pleadings. Plaintiff submitted a pre-suit notice/demand letter on May 30, 2025, specifically alleging that the amount in controversy in this matter is $147,228.61 plus attorney's fees.[14] As this amount is in excess of $75,000, a sufficient amount in controversy exists in this case.

14. Because the amount in controversy requirement is satisfied and there is complete diversity among the parties, the District Court for the Eastern District of Texas, Tyler Division has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Therefore, removal is proper.

---

[10] 18 U.S.C. § 1332(a)

[11] *Metz v. Amguard Ins. Co.*, No. 1:21-CV-74, 2021 WL 6773101, at *3 (E.D. Tex. Aug. 4, 2021) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

[12] *Id.*

[13] *Wilson v. Allstate Ins. Co.*, No. 416CV00970ALMCAN, 2017 WL 1097213, at *3 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, No. 4:16-CV-970, 2017 WL 1079533 (E.D. Tex. Mar. 22, 2017); *Rios v. Liberty Mut. Fire Ins. Co.,* DR-16-CV-0031-AM-VRG, 2017 WL 3274456, at *4 (W.D. Tex. Jan. 18, 2017); *Victor Gloria v. Allstate Vehicle and Property Insurance Company*, No. 5:18-CV-00073, 2018 WL 8807403, at *2 (S.D. Tex. Dec. 30, 2018).

[14] *See* Plaintiff Flinz Holdings, LLC's Pre-suit Notice Letter, dated May 30, 2025, attached hereto as **Exhibit I**.

### III. **COMPLIANCE WITH 28 U.S.C. § 1446 AND LOCAL RULE CV-38(a)**

15. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal of this action is proper under 28 U.S.C. § 1332(a).

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 124th District Court of Gregg County, Texas.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

18. As required by 28 U.S.C. § 1446(a), and local rule CV-81, a copy of each of the following are attached to (or filed with) this Notice:

    A.    A list of all parties in the case, their party type, and current status of the removed case—identified as **Exhibit A**;

    B.    A civil cover sheet and copy of the state court docket sheet; a copy of all pleadings that assert causes of action; all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a))—identified as **Exhibits B1 through B5**;

    C.    A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney—identified as **Exhibit C**;

    D.    A record of which parties have requested jury trial—identified as **Exhibit D**; and

    E.    The name and address of the court from which the case was removed—identified as **Exhibit E**;

    F.    Plaintiff Flinz Holdings, LLC's Texas Franchise Tax Public Information Report—identified as **Exhibit F**;

    G.    Plaintiff Flinz Holdings, LLC's Certificate of Formation of Limited Liability Company—identified as **Exhibit G**;

    H.    Defendant Pacific Employers Insurance Company's NAIC Company Overview—identified as **Exhibit H**; and

    I.    Plaintiff Flinz Holdings, LLC's Pre-Suit Notice Letter, dated May 30, 2025—identified as **Exhibit I**.

## IV. JURY DEMAND

19.    Plaintiff demanded a jury trial in its Original Petition.

## V. CONCLUSION

20.    WHEREFORE, This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interests, costs and attorneys' fees. Therefore, Defendant gives notice that this matter is removed to the United States District Court for the Eastern District of Texas, Tyler Division. Defendant requests that this Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

By: */s/ Kristin Cummings*
Kristin C. Cummings
Texas Bar No. 24049828
kcummings@zellelaw.com
Scott Keffer
Texas Bar No. 24114753
skeffer@zellelaw.com
Zachary D. Fechter
Texas Bar No. 24143628
zfechter@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone:   214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

  A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on January ##, 2026:

  J. Michael Moore
  State Bar No. 14349550
  R. Nicholas Moore
  State Bar No. 24098134
  firstpartylit@moore-firm.com
  **MOORE LAW FIRM**
  1300 N. 10th Street, Suite 400
  McAllen, Texas 78501
  Telephone: 956-631-0745
  Facsimile: 888-266-0971
  ***Attorneys for Plaintiff***

                    */s/ Kristin C. Cummings*
                    Kristin C. Cummings