# EXHIBIT B-3

Electronically Submitted
12/16/2025 5:20 PM
Gregg County District Clerk
By: Debbie Kinney .deputy

CAUSE NO. 2025-2073-B

| | | |
|---|---|---|
| **FLINZ HOLDINGS, LLC** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | **124TH JUDICIAL DISTRICT** |
| | § | |
| **PACIFIC EMPLOYERS INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **GREGG COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQUIRED DISCLOSURES**

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

COMES NOW, **FLINZ HOLDINGS, LLC** (herein individually or collectively "Plaintiff"), and files this *Plaintiff's Original Petition* complaining of Defendant **PACIFIC EMPLOYERS INSURANCE COMPANY,** (herein "Defendant Insurance Company" or "Defendant"), and for cause of action shows the Court the following:

## I. DISCOVERY CONTROL PLAN

1.1   This is a First Party Insurance Property Damage claim seeking relief under the Texas Insurance Code, common law bad faith claims handling practices, actionable fraud in the handling of the claim, and the Texas Deceptive Trade Practices Act. See Tex. R. Civ. P. 47(a). Plaintiff intends to conduct discovery pursuant to a Level 2 Discovery Control Plan, as directed by the Court or upon agreement of the parties. Because Plaintiff seeks monetary relief pursuant to Tex. R. Civ. P. 47(c)(1), specifically only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs; this suit is not governed by Rule 169 of the Texas Rules of Civil Procedure's Expedited Actions Process. See Tex. R. Civ. P. 47(c)(1).

1.2   Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought, and a demand for all other relief to which Plaintiff may deem themselves justly entitled. Tex. R. Civ. P. 47(b) and (d).

## II. PARTIES

2.1   Plaintiff, **Flinz Holdings, LLC,** is a limited liability company who operates in Gregg County, Texas.

2.2   Defendant **Pacific Employers Insurance Company** ("Defendant Insurance Company") is an insurance company authorized to operate under the laws of the State of Texas, and engaged in the business of insurance in the State of Texas. **Service of process is requested to be effectuated by certified mail on said Defendant by delivering the Citation and a copy of the Original Petition to said Defendant and/or Defendant's registered agent at:**

> **CT CORPORATION SYSTEM**
> **1999 BRYAN ST., STE. 900**
> **DALLAS, TX 75201-3136**

**The court's clerk is requested to issue the Citation and Original Petition by certified mail.**

## III. JURISDICTION & RULE 47(c) STATEMENT

3.1   This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs seek monetary relief pursuant to Tex. R. Civ. P. 47(c)(1), specifically only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs; this suit is not governed by Rule 169 of the Texas Rules of Civil Procedure's Expedited Actions Process. See Tex. R. Civ. P. 47(c)(1).

3.2   This Court has jurisdiction over Defendant Insurance Company because this Defendant which engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## IV. VENUE

4.1  Venue is proper in Gregg County, Texas, because the insured property, subject to this suit, is situated in Gregg County, Texas. TEX.CIV.PRAC. & REM. CODE §15.032.

## V. FACTS

5.1.  Plaintiff purchased a policy from Defendant Insurance Company, insuring Plaintiff's property against certain losses. The Policy number was D96194985 (hereinafter referred to as "the Policy")

5.2  Plaintiff owns the insured property, which is located at 2900 Gilmer Rd., Longview, TX 75604. (hereinafter referred to as "the Property").

5.3.  On or about January 30, 2023, the insured property was severely damaged by hail and a windstorm (the "covered loss event"). Shortly thereafter, Plaintiff filed a claim with Defendant Insurance Company to be compensated for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is KY23K2682361.

5.4  Defendant Insurance Company failed to adopt and implement reasonable standards for the prompt investigation of claims such as Plaintiff herein.

5.5  Plaintiff submitted a demand that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as those within the interior, pursuant to the Policy.

5.6  Defendant Insurance Company ignored and or did not pay the demand, did not effectuate a good faith attempt to promptly, fairly, and equitably resolve or settled the amount of said claim in which liability is reasonably clear.

5.7  Defendant Insurance Company compelled this policyholder to institute this suit to recover an amount due under said insurance policy.

5.8     Defendant Insurance Company action and or omission constitutes multiple breaches of contract, violations of the Texas Insurance Code and or the Texas DTPA.

## VI. CAUSE OF ACTIONS: NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

6.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-5 et al., and incorporates the same herein by this reference as if here set forth in full.

6.2     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

6.3     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

6.4     Defendant failed to explain to Plaintiff the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

6.5     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

6.6     Defendant Insurance Company refused to fully and timely compensate Plaintiff,

under the terms of the Policy and/or under the Texas Insurance Code. Defendant failed to conduct a reasonable investigation, but still maintained actual awareness that it was liable to pay the full amount of loss on Plaintiff's claim since the claim's inception. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

6.7    Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

6.8    Defendant Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

6.9    Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## VII. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

7.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-6 et al., and incorporates the same herein by this reference as if here set forth in full.

7.2     Defendant Insurance Company is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

7.3     Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiff.

7.4     Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's insurance contract with Plaintiff.

7.5     Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VIII. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

8.1     The Adjustor, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant Insurance Company, the insurer. TEX.INS.CODE §4001.051.

8.2     Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of Adjustor including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## IX. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY VIOLATIONS OF THE TEXAS DTPA

9.1   Plaintiff asserts they are consumers under the DTPA and that the Defendant Insurance Company is liable under the DTPA for one or more of the following violations, to-wit:

(a)   False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

(b)   Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

(2)   causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)   causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(5)   representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(7)   representing that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another;

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]

9.2  Plaintiff asserts that they relied on one or more of the foregoing to their detriment on said false and or misleading representation, and that said reliance is a producing cause of their damages. Further, said reliance was a substantial factor in bringing about the injury, without which the injury would not have occurred.

9.3  Plaintiff further asserts that Defendant's conduct was committed knowingly and as a consumer under the DTPA, Plaintiff seeks mental anguish damages and further seek enhanced damages for said mental anguish and economic damage up to three times the actual amount as determined by the trier of fact.

## X. KNOWLEDGE AND INTENT

10.1  Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and or the Texas DTPA, and was a producing and proximate cause of Plaintiff's damages described herein.

10.2  Each of the acts described above, together and singularly, was done "intentionally," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## XI. DAMAGES

11.1   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

11.2   For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus the highest rate allowed by law for prompt payment penalty interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

11.3   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

11.4   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XII. RESERVATION OF RIGHTS

12.1   Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## XIII. CONDITIONS PRECEDENT

13.1   Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## XIV. JURY DEMAND

14.1    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Gregg County, Texas.

## XV. NOTICE OF REQUIRED DISCLOSURES PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE RULE 192.1 AND 194 TO DEFENDANT

15.1    Under Texas Rule of Civil Procedure 192.1, and 194(1) and (2), Plaintiff's notice Defendant Pacific Employers Insurance Company, to disclose within thirty (30) days of service of this Original Petition, the information or materials described in Rule 194(1) and (2) of the Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code and or DTPA, and all punitive, exemplary damages and treble as may be found, and, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled too.

Respectfully submitted,

**MOORE LAW FIRM**
1300 N. 10th Street, Suite 400
McAllen, Texas 78501
Telephone: (956) 631-0745
Facsimile: (888) 266-0971
firstpartylit@moore-firm.com

By:   */s/ J. Michael Moore*
J. Michael Moore
State Bar No.: 14349550
R. Nicholas Moore
State Bar No.: 24098134
**ATTORNEYS FOR PLAINTIFF**