# EXHIBIT B-5

CAUSE NO. 2025-2073-B

| | | |
|---|---|---|
| **FLINZ HOLDINGS, LLC**, | § § | IN THE DISTRIC COURT |
| Plaintiff, | § § | |
| v. | § § | 124TH JUDICIAL DISTRICT |
| **PACIFIC EMPLOYERS INSURANCE COMPANY**, | § § § § | |
| Defendant. | § | GREGG COUNTY, TEXAS |

### DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S
### ORIGINAL ANSWER AND DEFENSES

Defendant Pacific Employers Insurance Company, ("Defendant" or "Pacific"), files this Original Answer and Defenses to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Defendant demands that Plaintiff proves every fact in support of its claims for breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff proves every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

### II.
### DENIAL OF CONDITIONS PRECEDENT

2. Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit in the following particulars.

*Loss During the Policy Period*

3.      Insurance policy number D96194985, which was issued to Plaintiff by Defendant Pacific and insures certain property for the policy period starting June 25, 2022, and ending June 25, 2023 (the "Policy"), applies only to loss that occurs during the Policy period. To the extent any part of the claimed loss for which Plaintiff seeks recovery did not occur during this period, the Policy provides no coverage for such loss.

*Valuation & Limits*

4.      Plaintiff's loss is recoverable, if at all, only to the extent provided by the Policy's Loss Payment, Valuation, and other Policy valuation terms and limits. This includes, without limitation, the Policy's limitation on coverage for business personal property. This also includes, without limitation, the Policy's limitation that all damages be measured at ACV unless and until the damaged property is actually repaired or replaced, which must be as soon as reasonably possible after the loss.

*Loss Above the Deductible*

5.      Defendant's obligation to pay under the Policy extends, if at all, only to a covered loss to covered property that exceeds the applicable deductible(s) under the Policy. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the deductible.

*Requirements in Case of Loss*

6.      Defendant's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's applicable Duties In The Event Of Loss Or Damage and Legal Action Against Us provisions, as well as Plaintiff's compliance with conditions set out therein, including without limitation Plaintiff's providing prompt notice of its claim. Plaintiff's failure to comply with the Policy's requirement to provide prompt notice prejudiced the Defendant and violates the Duties In The Event Of Loss Or Damage provision.

## III.
## DEFENSES

7. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following defenses to the allegations in Plaintiff's Original Petition. By asserting these defenses, Defendant does not intend to shift the burdens of proof allocated to the parties under Texas law:

### *Policy Conditions*

8. Plaintiff's claims are subject to all conditions, limits, exclusions, and deductibles in the Policy.

### *Storm-Created Opening*

9. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damage to the interior of any building or structure, or to personal property in the building or structure, was caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless the building or structure first sustained damaged by a covered cause of loss under the Policy to its roof or walls through which the rain, snow, sleep, ice, sand or dust enters, or the loss or damage was caused by or results from thawing of snow, sleet or ice on the building or structure.

### *Wear and Tear/Deterioration*

10. Plaintiff's claims are barred, in whole or in part, to the extent that the claimed loss was caused by wear and tear, corrosion, decay, deterioration, or loss caused by any quality in property that causes it to damage or destroy itself.

*Faulty Planning or Workmanship*

11. Plaintiff's claims are barred, in whole or in part, to the extent that the loss was caused by faulty, inadequate, or defective: planning, zoning, development, surveying, siting; design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance; of part or all of any property on or off the described premises.

*Neglect*

12. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages were caused, in whole or in part, by the neglect of the Plaintiff to use all reasonable means to save and protect Property from further damage at and after the time of loss.

*Seepage*

13. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damage was caused, in whole or in part, by continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

*Bona Fide Dispute*

14. A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without incurring extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the scope and amount of any alleged covered loss and/or the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

### *Limitation of Punitive/Exemplary Damages*

15.  Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Texas Civil Practice & Remedies Code Chapter 41 and Texas Insurance Code Sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's state and federal constitutional rights. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant will not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

16.  As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

### *Excessive Attorney's Fees*

17.   Plaintiff's claim for attorney's fees, in whole or in part, is governed by the doctrine of excessive demand.

18.   Defendant reserves the right to assert additional defenses as this litigation proceeds.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Pacific Employers Insurance Company prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendant may be justly entitled, whether general or special, at law or in equity.

        Respectfully submitted,

      By: */s/ Kristin C. Cummings*
        Kristin C. Cummings
        Texas Bar No. 24049828
        kcummings@zellelaw.com
        Scott Keffer
        Texas Bar No. 24114753
        skeffer@zellelaw.com
        Zachary D. Fechter
        Texas Bar No. 24143628
        zfechter@zellelaw.com

      **ZELLE LLP**

      901 Main Street, Suite 4000
      Dallas, TX 75202-3975
      Telephone: 214-742-3000
      Facsimile: 214-760-8994

      **ATTORNEYS FOR DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  A true and correct copy of the foregoing has been served on all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on January 21, 2026:

J. Michael Moore
State Bar No. 14349550
R. Nicholas Moore
State Bar No. 24098134
firstpartylit@moore-firm.com
**MOORE LAW FIRM**
1300 N. 10th Street, Suite 400
McAllen, Texas 78501
Telephone: 956-631-0745
Facsimile: 888-266-0971

  **ATTORNEYS FOR PLAINTIFF**

        */s/ Kristin C. Cummings*
        Kristin C. Cummings

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kristin Cummings on behalf of Zachary Fechter
Bar No. 24143628
kcummings@zellelaw.com
Envelope ID: 110294099
Filing Code Description: Answer
Filing Description: Defendant Pacific Employers Insurance Company's Original Answer and Affirmative Defenses
Status as of 1/21/2026 11:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| JAMES MICHAELMOORE | | firstpartylit@moore-firm.com | 1/21/2026 11:44:24 AM | SENT |
| Zachary Fechter | | zfechter@zellelaw.com | 1/21/2026 11:44:24 AM | SENT |
| Sherri Capell | | scapell@zellelaw.com | 1/21/2026 11:44:24 AM | SENT |
| Mary Cornell | | mcornell@zellelaw.com | 1/21/2026 11:44:24 AM | SENT |
| Maggie Morado | | mmorado@zellelaw.com | 1/21/2026 11:44:24 AM | SENT |
| Kristin CCummings | | kcummings@zellelaw.com | 1/21/2026 11:44:24 AM | SENT |