# EXHIBIT I

Case 6:26-cv-00034 Document 1-13 Filed 01/21/26 Page 1 of 4 PageID #: 54

# MOORE LAW FIRM

McALLEN ✶ HOUSTON ✶ NEW ORLEANS

May 30, 2025

Via Email: USPropertyClaims@chubb.com
Pacific Employers Insurance Company
P.O. Box 716
Portland, ME 04104

|  |  |  |  |
|---|---|---|---|
| Re: | Our client (Your Insured) | : | Flinz Holdings, LLC |
|  |  |  | The Gallery of Lights |
|  | Claim Number | : | KY23K2682361 |
|  | Policy Number | : | D96194985 |
|  | Date of Loss | : | January 30, 2023 |
|  | Location | : | 2900 Gilmer Rd., Longview, TX 75604 |

To whom it may concern,

Pursuant to Sections 541.154 and 542A.003 of the Texas Insurance Code, please accept this letter as the notice as required. A copy of this notice was provided to our client, as per Section 542A.003

**Accordingly, we are hereby providing "[A] statement of the acts or omissions giving rise to the claim" and "the specific complaint":**

The evidence will show that on or about January 30, 2023, a hail and wind storm struck the city of Longview, Texas. At that time, your insured Flinz Holdings, LLC The Gallery of Lights ("Claimant") was named insured under a property insurance policy with a limit of $1,626.794.00 (Policy Number D96194985) issued by Pacific Employers Insurance Company. Claimant's property insured by the policy was damaged extensively by the hail and wind storm.

Pursuant to the terms and conditions of the subject Policy, Claimant made a claim because the subject insured property sustained extensive hail and wind damage.

We further believe that evidence will show that you, as the insurance carrier, sent an adjuster to adjust the claim who was inadequately trained and/or failed to conduct a thorough inspection in order to identify covered damage and/or intentionally ignored covered damage. As a result, Claimant's claim fell below the deductible.

As the insurer, your actions amount to a breach of contract and a breach of the common law duty of good faith and fair dealing. They also constitute unfair settlement practices and/or actionable misrepresentations under Chapter 541 of the Texas Insurance Code. As the insurer, your blackletter violations of Chapter 541 include but are not limited to:

(1) misrepresenting to Claimant a material fact or Policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which your liability had become reasonably clear;

(3) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under a portion of the Policy with respect to which your liability had become reasonably clear to influence Claimant to settle another claim under another portion of the coverage;

(4) failing to promptly provide to the Claimant a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for your denial of a claim or offer of a compromise settlement of a claim;

(5) failing within a reasonable time to affirm or deny coverage of a claim to Claimant;

(6) failing within a reasonable time to submit a reservation of rights to Claimant; and

(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(8) failing to properly adjust the claim for OSHA regulations required to perform the work.

Further as the insurer, the evidence will demonstrate you violated the claims handling and/or payment deadlines set forth in Subchapter B of Chapter 542 of the Texas Insurance Code, including those found in Sections 542.056, .057, and/or .058. Hence, you are liable to pay Claimant, in addition to the amount of the claim, penalty interest on the claim as damages together with reasonable and necessary attorneys' fees.

**Specifically, we are providing: "[T]he specific amount alleged to be owed by Pacific Employers Insurance Company on the claim(s) for damage to or loss of covered property":**

As of the date of this notice letter, you have paid $0.00 in policy benefits on Claimant's claim under Policy Number D96194985 for damage to or loss of covered property. The specific amount alleged to be owed by you on Claimant's claim under Policy Number D96194985 for damage to or loss of covered property is $147,728.61 less any voluntary payments of policy benefits made by you on the claim between the date of this notice and entry of judgment, if any.

**Additionally, we are providing: "[T]he amount of reasonable and necessary attorneys' fees incurred by the Claimant, calculated by multiplying the number of hours actually worked by the Claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services":**

We contend that the amount of reasonable and necessary attorneys' fees incurred by Claimant, calculated by multiplying the number of hours actually worked by the Claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services, is $7,500.00 as of the date this notice is given.

**Therefore, we contend the foregoing: "[T]he amount of actual damages and expenses, including attorneys' fees reasonably incurred in asserting the [Chapter 541] claim against Pacific Employers Insurance Company In:**

As of the date of this notice letter, the amount of actual damages and expenses, including, prompt payment penalties, bad faith damages, mental anguish and attorneys' fees reasonably incurred by Claimant in asserting its Chapter 541 claim against you, is $**171,384.15.**

| | | |
|---|---|---|
| **Economic Damages*** | : | $147,228.61 |
| **Insurance Bad Faith Damages** | : | $10,000.00 |
| **Prejudgment Interest**  *5% per annum from date Claim filed* | : | *N/A at This Present Time |
| **Prompt Payment of Claims Penalty**  *12.50% per annum; from Date claim denied* | : | $6,655.54 |
| **Attorney's Fees (to Date)**  *Subject to Increase* | : | $7,500.00 |
| **TOTAL DEMAND FOR SETTLEMENT** | : | **$171,384.15** |

**Note:   Inspection of premises:**

Please be advised, that not later than the 30th day after receiving this notice, you may send a written request to Claimant to inspect, photograph, or evaluate, in a reasonable manner and at a reasonable time, the property that is the subject of the claim. Please direct your written request to my attention at firstpartylit@moore-firm.com.

**In Conclusion:**

Be advised, that this is the required statutory notice and should not be considered a settlement demand, but if you are interested in resolving the claim discussed herein, please call and we will in "good faith" engage in settlement negotiations. However, if a satisfactory resolution is not reached in 60 days, Claimant intend to file a lawsuit.

If you have any questions or comments, please call my office. I look forward to attempting to settle this dispute with you for a reasonable amount as soon as possible.

Sincerely,

**MOORE LAW FIRM**

*/s/ J. Michael Moore*
J. Michael Moore

cc: Flinz Holdings, LLC The Gallery of Lights